# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

WALTER SHANE LANGSTON,  No. 2:15-cv-1500-CMK-P

    Plaintiff,

  vs.  ORDER

ROBERT A. FOX, et al.,

    Defendants.

_____/

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. The court issued an order to show cause on April 11, 2017, requiring plaintiff to show cause why this action should not be dismissed.

      The court found it had previously determined plaintiff is barred from proceeding in forma pauperis pursuant to 28 U.S.C. § 1985(g), and that it did not appear that plaintiff was under imminent danger of serious physical injury when he filed the complaint. Plaintiff has filed a response to the order to show cause. In his response, plaintiff argues he alleged in his complaint that he was placed in administrative segregation for safety concerns because inmates

had threatened him.  Thus, he claims he was under imminent danger of serious physical injury when he filed the complaint based on these threats.  However, a review of the complaint does not show plaintiff had made any allegation that he had been threatened by other inmates.  In fact, he states in the complaint that he was in administrative segregation based on a Rules Violation Report (RVR) wherein he was charged with, and found guilty of, assault on an officer.  He is attempting to challenge the RVR, the administrative segregation placement, and the guilty finding of a Division D offense.

The undersigned agrees with other courts in determining there must be some nexus between at least one cause of action in the complaint and the plausible imminent danger alleged.  See Pettus v. Morgenthau, 554 F.3d 293, 297 (2d Cir. 2009); Stine v. Federal Bureau of Prisons, 20155 WL 5255377 (E.D. Cal. 9/9/15) ("[T]he Court will consider: '(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint; and (2) whether a favorable judicial outcome would redress that injury.'")  There is nothing in his complaint about being threatened by any other inmate.  Therefore, even if such threats were sufficient to meet the standard of a plausible allegation of imminent danger of physical injury, without a nexus to the allegations alleged in the complaint the undersigned finds plaintiff has not shown he has met the standard to proceed IFP.

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed without prejudice to re-filing upon pre-payment of the filing fees; and

2. The Clerk of the Court is directed to close this case.


DATED:  May 23, 2017

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE